**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: January 24 2007**

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **In Re** | ) | Case No. 06-32445 |
| | ) | |
| Jason Ingram and Holly Ingram | ) | Chapter 7 |
| | ) | |
| **Debtors** | ) | **JUDGE MARY ANN WHIPPLE** |
| | ) | |

### ORDER DENYING MOTION TO DISMISS

The court held a hearing on Debtors' Motion to Dismiss [Doc. #26]. Debtors seek to voluntarily dismiss their Chapter 7 case filed on September 11, 2006. The Chapter 7 trustee opposes their motion to dismiss. Debtors assert as the basis for dismissal cause under 11 U.S.C. § 707(a), specifically that the Chapter 7 case is negatively impacting their ability to negotiate with a home mortgage creditor to secure more favorable terms.

Chapter 7 debtors have no automatic or absolute right to voluntary dismissal. *In re Hopkins*, 261 B.R. 822 (Bankr. E.D. Pa. 2001). The interests of both debtors and creditors must be considered. If dismissal would prejudice creditors, then ordinarily it must be denied. *In re Cohara*, 324 B.R. 24, 27-28 (B.A.P. 6th Cir. 2005)(order granting debtor's request to voluntarily dismiss reversed); *see also In re Harker*, 181 B.R. 326, 328 (Bankr. E.D. Tenn. 1995)("[I]f the trustee has acquired funds for

distribution, a request for dismissal by the debtor will be denied ."). As a component of showing cause, Debtors have the burden of proving that dismissal will not prejudice their unsecured creditors. *Cohara,* 324 B.R. at 28.

Even if Debtors' interests will be best served by dismissal, as they argue passionately, the overall interests of the estate will not be best served by dismissal. The court finds that unexpected post-petition difficulties negotiating with a secured creditor is not alone sufficient cause for dismissal, at least where, as here, the Chapter 7 proceeding is an asset case. The Trustee will receive material funds from a non-exempt cause of action, and Debtors received a large tax refund for 2005 that predicts a material tax refund for 2006, a substantial portion of which will be property of the estate. Although Debtors protest that their tax refunds will be less than last year, the amount to be received from the lawsuit is sufficient to administer, so that any portion of their tax refunds that is property of the estate will be administrable. Given Debtors' overall financial circumstances as displayed on their schedules, the only way that creditors will receive any of these assets is through this estate. Their own written motion states an intention to re-file and seek a discharge later, which time will undoubtedly be when property of this estate will no longer be available to creditors.

For the foregoing reasons and as otherwise stated on the record during the hearing, the court finds that the interests of unsecured creditors will be prejudiced by dismissal because this is an asset case. Debtors have thus failed to show cause for voluntary dismissal.

**IT IS THEREFORE ORDERED** that Debtors' Motion to Dismiss Chapter 7 Bankruptcy [Doc. #26] is **DENIED.**